WHEATLEY *v.* SMITH.

4-5463                          128 S. W. 2d 356

Opinion delivered May 8, 1939.

*C. T. Cotham,* for appellant.

*Talley & Talley* and *Wayne W. Owen,* for appellee.

GRIFFIN SMITH, C. J.   Sam G. Smith, Porter Wilson, and Hamp Williams, sold the Best Theatre in Hot Springs to Mrs. M. Hoy, the purchaser having executed a principal note for $9,211.98, dated November 15, 1930. This note was pledged to Community Bank collaterally with obligations of Smith and Wilson.[1] Mrs. Hoy's note was secured by a mortgage on the theatre equipment; also by deed in trust on real property she owned in Hot Springs.

At the time Mrs. Hoy purchased the theatre she was working for H. E. Wheatley, who was in the oil business. Wheatley contends that for a year or more he managed the theatre for Mrs. Hoy. Mrs. Hoy testified her arrangement with Wheatley was that he would take the theatre and run it.   She did not have any interest in the property.   It was bought for Wheatley and for Mrs. Howe. There was an agreement between them that as soon as payments on the note had been sufficient [to satisfy Smith, Wilson, and Williams] the realty would be released.   The promise to release was signed February 4, 1931.[2]

The balance due on Mrs. Hoy's note at date of suit was $3,393.14, with interest from September 1, 1936.

---

[1] Installment payments on the note were to be made at the rate of $200 per month for twelve months, $250 per month for twelve months, $300 per month for twelve months, with a final payment of $511.98 falling due Nov. 16, 1933.

[2] The agreement signed by Wheatley and Mrs. Howe reads: "This is to certify that the lot belonging to Mrs. M. Hoy and put up as collateral on The Best Theatre will be released as soon as possible."

Although Wheatley's testimony is at variance with that of Mrs. Hoy as to the time he and Mrs. Howe took the property in their own rights, we think the evidence sufficient to sustain the chancellor's finding that Mrs. Hoy was acting for Wheatley and Mrs. Howe, although perhaps Smith, Wilson, and Williams were not informed of this fact.

In March, 1934, the theatre was destroyed by fire. Insurance of $2,900 was collected. Loss was payable to Smith, Wilson, and Williams. Plaintiffs in the suit from which this appeal comes were Smith and Wilson, Mrs. Hamp Williams, and J. O. Langley, trustee. They are hereafter referred to as appellees.

By agreement, $1,000 of the insurance money was applied on Mrs. Hoy's note. The remaining $1,900 was released to Wheatley and Mrs. Howe, hereafter referred to as the appellants.

With the released nineteen hundred dollars, appellants re-entered business at the New Strand Theatre, considerable money having been spent in equipping and remodeling.

It is contended by appellants that they are not obligated on Mrs. Hoy's note; that there was no written promise to pay—although, as stated in their brief, . . . "pursuant to an agreement with Mrs. Hoy (not in writing), Mr. Wheatley and Mrs. Howe did, about a year and a half after the original sale to Mrs. Hoy, purchase her right, title and interest in the Best Theatre, and as between them and Mrs. Hoy, agreed to assume the mortgage indebtedness on the Best Theatre to the appellees."

Wheatley insists Mrs. Hoy bought the theatre November 30, 1930; that some unnamed man operated it fifteen days; that on November 15 Mrs. Hoy took charge, and he (Wheatley) assumed his duties as manager. Because of the condition of a part of the equipment, repairs and replacements were necessary. These were immediately contracted for by Wheatley, on his own account.

First payment on Mrs. Hoy's note was made January 24, 1931, $200 principal and $77.80 interest. This payment was made by Wheatley, and thereafter all pay-

ments were made by him, or at his direction. Mrs. Howe did not testify.

There is evidence that when appellants requested use of the insurance money, they declared their inability, without such, to continue in the show business, stating that the only way they could pay the Hoy note was from earnings incident to the show business.

In the light of all circumstances; the fact of Mrs. Hoy's employment by Wheatley in his oil business; her testimony to the effect that she was merely an agency through which the title passed; the commitment of Wheatley and Mrs. Howe 81 days after Mrs. Hoy's note was executed that the mortgaged lot would be protected; the payments by appellants; the purchase by Wheatley of new machinery or equipment in his own name and his mortgage to secure the debt therefor, it is our view that Wheatley and Mrs. Howe were the real parties in interest, and that the chancellor did not err in holding them liable with Mrs. Hoy, who has not appealed.

Affirmed, both on appeal and cross-appeal.